Judge Nicholas
delivered the Opinion of the Court.
This is a claim asserted by a widow to dower in several slaves, emancipated by the will of her husband, she having renounced its provisions.
The 24th section of the act of 1797, concerning wills, 2 Dig. 1246, says, that upon renunciation of a will by the widow, “she shall be entitled to one-third part of the slaves whereof her husband died possessed, which she shall hold during her life &c.”
By the 27th section of the act of 1798, 2 Dig. 1155, ‘, it is declared lawful “ for any person, by his last will, or any other instrument under his hand and seal, attested and proved in the county court, by two witnesses, &c. to emancipate his slaves” — “saving, however, the *49 rights of creditors and every person or persons, bodies politic and corporate, except the heirs or legal representatives of the person so emancipating such slaves.”
Had the legislative action on this subject stopped here, as appears to have been supposed by those who assert the claim of dower, there would be room for a difference of opinion, whether the widow’s right to dower, was reserved to her, under a proper construction of these two acts, when taken in connection with the constitutional mandate to the legislature to prescribe a mode for emancipating slaves. But all difficulty is removed by the act of 1800, 2 Dig. 1247, which provides, “that any person of the age of eighteen years, being possessed of or having a right to any slave, may, by his last will, or by an instrument of writing, emancipate such slave.” This act gives the right of emancipating by will? untramelled by any reservation whatever in favor of the widow’s right of dower, and, as we understand it, excludes all pretence of such claim.
It cannot properly be objected to this construction, that the act of 1800, applies only to infants above the age of eighteen, and was adopted exclusively to enable such infants to emancipate their slaves. The same reason would require it to be so construed, as not to enable adults to emancipate, except by recorded deed, as required by the previous act. But by several decisions of this court, it has been construed to allow adults, as well as infants, to emancipate by an unsealed, unattested and unrecorded instrument of writing. Consistency requires the same construction, as to the power of emancipating by will.
Decree affirmed, with costs.